IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:11CV570-MOC-DSC

| | |
|---|---|
| ANGELA HAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM AND ORDER** |
| MORTON SALT, INC. and MORTON | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendants' "Motion to Transfer Venue," Doc. 12, filed March 5, 2012 and the parties' associated briefs and exhibits, Docs. 13, 14, 15 and 16.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court grants Defendants' Motion to Transfer Venue as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Angela Hames was an employee of United Parcel Service Freight ("UPS") from July 2007 to September 2009. She worked out of the Charlotte, North Carolina freight terminal as an over-the-road driver. She was responsible for delivering and picking up freight and shipments from various vendors as directed by UPS.

On or about October 20, 2008, UPS directed Plaintiff to pick up a load of salt at the Morton Salt manufacturing facility located in Silver Springs, New York. Plaintiff arrived at the plant at approximately 7:00 p.m. Morton Salt employees were wearing face masks upon her arrival.

Plaintiff requested a face mask from the dock foreman and was told that Morton Salt was out of face masks. Plaintiff parked her truck at the loading dock. She remained in her trailer with the door open at the direction of the Morton Salt foreman, who instructed her to remove the covers from the pallets as they were loaded into the trailer. The air in the area was thick with dust particles, which in turn filled her trailer. Plaintiff was at the facility for approximately one and a half hours.

Plaintiff alleges that she began experiencing problems with breathing and itchy skin within thirty minutes of leaving the facility. She called the UPS after-hours dispatcher to report her physical problems. The dispatcher told her to drive to the UPS Rochester terminal. The terminal manager there took Plaintiff to the emergency room at St. Mary's Unity Hospital in Rochester, New York. She stayed in the emergency department for several hours for observation and treatment. Plaintiff then drove the UPS truck with the salt load back to Charlotte.

Plaintiff filed her Complaint in Mecklenburg County Superior Court on October 10, 2011. Doc. 1, Ex. A. Plaintiff alleges that she developed reactive airway dysfunction syndrome and vocal cord dysfunction after being exposed to the salt dust. Plaintiff asserts claims against Defendants for negligence and violations of New York state labor laws. Defendants removed the action to this Court on November 10, 2011, based upon diversity of citizenship. Doc. 1.

Defendants have moved pursuant to 28 U.S.C. § 1404 to transfer this matter to the United States District Court for the Western District of New York for the convenience of the parties and witnesses and in the interests of justice.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may "[f]or the convenience of parties and witnesses, in the interest of justice, ... transfer any civil action to any other district or division where it might have been brought." The question of transfer under section 1404(a) is committed to the

sound discretion of the district court. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1257 (4th Cir.1991).

Under section 1404, the Court must first determine whether the case could have been brought in the transferee court. Although no party in this case is a citizen of the Western District of New York, venue is proper there because the claim arose at the Morton Salt facility in that district. See 28 U.S.C. §1391(a) (venue is proper in the district where the claim arose); Jim Crocket Promotions, Inc. V. Action Media Group, Inc., 751 F. Supp. 93, 98-99 (W.D.N.C. 1991).

If venue in the transferee court is proper, as it is here, the Court must then consider the following factors in deciding the matter should be transferred:

> (1) the plaintiff's initial choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of a judgment, if obtained; (7) the relative advantages and obstacles to a fair trial; (8) other practical problems that make a trial easy, expeditious, and inexpensive; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of unnecessary problems with conflict of laws.

Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 239 (W.D.N.C. 2008)(citing Commercial Equip. Co. v. Barclay Furniture Co., 738 F.Supp. 974, 977 (W.D.N.C.1990); McDevitt & Street Co. v. Fide. and Deposit Co., 737 F.Supp. 351, 354 (W.D.N.C.1990)).

The Court finds that this case should be transferred to the Western District of New York. While Plaintiff's choice of forum is ordinarily accorded considerable weight, that weight is diminished when the conduct giving rise to the complaint did not occur in the forum. See, e.g., Parham v. Weave Corp., 323 F.Supp.2d 670, 674 (M.D.N.C. 2004); Telepharmacy Solutions, Inc. v. Pickpoint Corp., 238 F. Supp. 2d 741, 743 (E.D.Va. 2003); Lynch v. Vanderhoef Builders, 237

F.Supp.2d 615, 617 (D.Md. 2002).  Plaintiff's Complaint alleges that she was injured as a result of exposure to salt dust at the Morton facility located in the Western District of New York.  Nearly every operative fact alleged in Plaintiff's Complaint is alleged to have occurred at this New York facility.  Plaintiff asserts a distinct cause of action under New York law based on the allegation that "defendant's factory is subject to New York's Labor Law." Doc. 1, Ex. A.  The Court finds that most of the events giving rise to the Complaint occurred in the Western District of New York and therefore, the weight given to Plaintiff's choice of forum is diminished.

Plaintiff is a resident of North Carolina and Defendant Morton Salt, Inc. is a Delaware corporation.  It is unclear from the filings where Defendant Morton International, Inc. is incorporated, but it is undisputed that it is not a New York corporation.  None of the parties are residents of New York. This factor favors a denial of transfer.

As to relative ease of access to proof and availability of witnesses, the Court is persuaded that the bulk of the evidence and witnesses are located in New York where the alleged injury occurred.  All evidence regarding the potential liability of the Defendants is located in New York. Defendants assert that as many as eleven non-party witnesses with information central to this case reside in and around New York State.  This Court cannot compel non-party witnesses located in New York to attend a trial in this district. <u>See</u>, <u>e.g.</u>, Fed.R.Civ.P. 45(c)(3)(A)(ii); 15 Charles Alan Wright et al., <u>Federal Practice & Procedure</u> § 3851 (3d ed. 2007) ("Often cited as the most important factor ... is the convenience of witnesses, most particularly non-party witnesses who are important to the resolution of the case."). Further, Plaintiff acknowledges that the first medical treatment she received after leaving the Morton plant was at the emergency room at St. Mary's Unity Hospital in Rochester, New York.  The emergency room physician who treated Plaintiff immediately after her alleged exposure to the salt dust is outside the subpoena power of this Court.   Plaintiff argues

that she interacted with only one non-employee witness and that Defendants fail to offer any evidence as to what any non-party witnesses might say. Plaintiff acknowledges that Defendants will present one or more employees as witnesses but argues that they are under Defendant's control and could testify by video deposition. Plaintiff also argues that she has a host of North Carolina based witnesses whose testimony will be central to her case. They include three treating physicians, three former or current UPS employees and three additional lay witnesses. The Court finds that these witnesses' testimony would primarily relate to the issue of damages and may well be cumulative. Several of the witnesses are family members or friends who are likely to cooperate in the presentation of Plaintiff's claims regardless of venue. Finally, Plaintiff's expert witness on causation, Dr. Karin Pacheco, is located in Denver, Colorado and will be required to travel whether the case is in North Carolina or New York.

There are more important non-party witnesses in New York who cannot be compelled to attend in North Carolina. This factor significantly favors transfer to New York.

If a view is required, it would be in the Western District of New York where the Morton facility is located. This factor favors transfer to New York.

Neither party has raised a concern about enforceability of a judgment. This factor is neutral.

No compelling arguments have been made that there are overwhelming advantages or obstacles to a fair trial in New York or North Carolina. As noted above, the Court finds that availability of witnesses and evidence favors the New York forum.

The Court does not find any other practical problems that have been identified and significantly favor either forum. It appears that some parties and witnesses will have to travel regardless of the forum.

5

As to the administrative difficulties of court congestion, this factor mitigates slightly against transfer.  The time from filing to disposition of a case in the Western District of North Carolina and the Western District of New York is comparable.  According to the available data, the average period of time from filing to disposition of a civil case in the Western District of New York is 7.8 months while that average is 7.3 in the Western District of North Carolina.  <u>See</u> http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2011/tables/C05Mar11.pdf (Table C-5, U.S. District Courts - Median Time Intervals from Filing to Disposition of Civil Cases).  However, the time from filing to trial is higher in the Western District of New York at 37.3 months versus just 19.5 months in the Western District of North Carolina.

The interest in having localized controversies settled at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law governing the action weighs significantly in favor of transfer to the Western District of New York.  New York law governs the tort claim as well as the labor law claim.  Although common-law negligence principles may be similar in the two jurisdictions, a New York court is better suited to interpret New York law.  It is also in the interests of the citizens of New York to decide a controversy arising from events occurring within that state's boundaries.  This action focuses on the operation of a manufacturing facility in New York and whether Defendants failed to satisfy a duty of care under New York's law of negligence and violated the applicable state labor laws.  The operation of this facility in New York and its compliance with state laws are matters of greater significance to New York.

With regard to the avoidance of unnecessary problems with conflict of laws, the Court finds this factor to be neutral.

Having considered the entire record, the convenience of the parties and witnesses, and in the interest of justice, the Court grants Defendants' Motion to transfer venue to the Western District of New York. See 28 U.S.C. § 1404(a).

### III. ORDER

**IT IS HEREBY ORDERED** that:

1. Defendants' "Motion to Transfer Venue," Doc. 12, is **GRANTED** and this action is **TRANSFERRED** to the United States District Court for the Western District of New York.

2. The Clerk is directed to send the instant file, including this Memorandum and Order, to the Clerk of the United States District Court for the Western District of New York.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED.**          Signed: April 12, 2012

_____
David S. Cayer
United States Magistrate Judge